UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JESSE JONES,
        Plaintiff,

v().                                  Case No. 2:13-CV-204
                                          HON. R. ALLAN EDGAR

STEVEN NIEMI
        Defendant.
_____/

**OPINION & ORDER**

        Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the First and Eighth Amendments to the United States Constitution. In his *pro se* complaint, submitted on June 21, 2013 (Docket # 1), Plaintiff sues Corrections Officer (CO) Steven Niemi for declaratory and punitive damages. Presently before this Court is Defendant's Motion to Dismiss based on qualified immunity. Docket # 15.

        Plaintiff is confined in the Michigan Department of corrections. On November 15, 2012, Plaintiff claims to have filed grievance number 12-11-3521-15a (15a). Following the filing, Plaintiff stated that Defendant Niemi interviewed Plaintiff regarding this grievance. Docket # 1 at 3. During the interview, Plaintiff alleges that Defendant Niemi threatened to file a misconduct ticket against Plaintiff and tell the inmates he was a snitch if Plaintiff did not sign-off on the grievance. *Id.* Plaintiff indicated that he did not sign-off on the grievance. *Id.* Plaintiff claims that Defendant Niemi then issued a misconduct report against Plaintiff for possession of forged documents, and told the other prisoners that Plaintiff was a snitch. *Id.* Plaintiff states that the misconduct ticket was dismissed by the hearing officer. Docket # 18 at 4. Since this alleged incident, Plaintiff claims that he is in constant fear for his life because he receives threats that he

will be stabbed or killed by other inmates for being a snitch. Docket # 1 at 3. Upon reading the complaint, it appears that Plaintiff sets forth the following claims for relief:

> I. That Defendant Niemi violated Plaintiff's Eighth Amendment right to be protected from harm when he told the other inmates that Plaintiff was a snitch.
>
> II. That Defendant Niemi violated Plaintiff's First Amendment right to file grievances when Defendant retaliated against Plaintiff by fabricating a misconduct ticket against Plaintiff and telling the other prisoners that Plaintiff was a snitch after he did not sign-off on grievance 15a.

Docket # 1. Presently before this Court is Defendant's motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), based on qualified immunity. Docket # 15. Plaintiff has filed a response (Docket # 18), and the matter is now ready for a decision.

I.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see McGregor v. Indus. Excess Landfill, Inc.*, 856 F.2d 39, 42-43 (6th Cir. 1988) (noting that plaintiff's complaint was denied when it failed to set forth events, occurrences, and circumstances for which his claim was based). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

II.

Defendant Niemi claims that his motion to dismiss should be granted entirely on the basis of qualified immunity because Plaintiff has failed to establish that Defendant violated one of Plaintiff's clearly established constitutional rights. Qualified immunity "is an affirmative defense that must be pleaded by a defendant official." *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) (citing *Gomez v. Toledo*, 446 U.S. 635 (1980)). Government officials, performing discretionary functions, are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Since this case has already been screened, this Court has determined that Plaintiff's claims do, in fact, allege violations of his federal constitutional rights. Docket # 5; *see Pearson*, 555 U.S. at 232; *see also Moore v. Lowe*, No. 1:13-CV-1136, 2014 WL 905840, at *5 (W.D. Mich. Mar. 7, 2014) (citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly

infringed.")). As such, the only question before the Court on this motion to dismiss based on qualified immunity is whether the constitutional violations Plaintiff alleges were clearly established at the time of Defendant's actions.

When determining whether a right is clearly established, this Court must look first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts within this Circuit, and finally to decisions of other circuits. *Dietrich*, 167 F.3d at 1012. "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. Al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2078 (2011), (citing *Anderson,* 483 U.S. at 640).

### A. Eighth Amendment Failure to Protect Claim

Plaintiff raises an Eighth Amendment claim that Defendant Niemi failed to protect him from harm when Defendant told the other prisoners that Plaintiff was a snitch, thereby subjecting Plaintiff to physical harm. Assuming the facts as Plaintiff outlines them are true, Plaintiff has alleged a clearly established constitutional right as of the date of this incident (on or about November 15, 2012). Docket # 1 at 3; *Scheuer,* 416 U.S. at 236 (noting the court must construe the complaint in the light most favorable to the plaintiff); *see Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (stating inmates have a constitutional right to personal safety under the Eighth Amendment)*; Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984) (noting prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates"); *Catanzaro v. Mich. De't. of Corrs.*, No. 08-11173, 2011 WL 768115, at *5 (E.D. Mich. Feb. 10, 2011) (citing *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001) (noting that being labeled a snitch

could satisfy the *Farmer* standard for deliberate indifference to an inmate's safety)); *Jones v. Bergh*, No. 2:08-CV-128, 2010 WL 3885363, at *3 (W.D. Mich. Sept. 28, 2010) (noting that labeling an inmate a snitch could place an inmate in danger, supporting an Eighth Amendment claim). Thus, "in drawing all permissible inferences in Plaintiff['s] favor," this Court concludes that Plaintiff has established that his right to be protected from harm while in prison was clearly established as of November 2012. As such, Defendant's motion to dismiss this claim based on qualified immunity is denied. *See Scheuer*, 416 U.S. at 236.

### B. First Amendment Retaliation Claim

Plaintiff's next constitutional claim is that Defendant violated Plaintiff's First Amendment right to file grievances when Defendant allegedly retaliated against Plaintiff by filing a false misconduct ticket against him and by labeling Plaintiff a snitch after Plaintiff filed grievance 15a. Docket # 1 at 3. As of November 2012, it was clearly established that retaliating against an inmate for engaging in protected conduct was a violation of an inmate's First Amendment rights. *See Scott v. Churchill*, No. 97-2061, 2000 WL 519148, at *2 (6th Cir. 2000) ("A prisoner has a First Amendment right to file grievances against prison officials."); *see Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (filing prison grievances is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation); *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000) (same); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000) (same). Consequently, Defendant's motion to dismiss Plaintiff's First Amendment claim based on qualified immunity fails because Plaintiff's right to file grievances without being subjected to retaliation was clearly established as of November 2012.

III.

Overall, in construing Plaintiff's handwritten *pro se* documents liberally, this Court concludes that Plaintiff has stated claims for which relief may be granted under § 1983. Fed. R. Civ. P. 12(b)(6); *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (stating that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and will only be dismissed if the claim undoubtedly contains no facts to support its request for relief).  Accordingly, Defendant's Motion to Dismiss (Docket # 15) is **DENIED**.

**SO ORDERED**.

Dated:____9/18/2015_____          ____/s/ *R. Allan Edgar*_____
                                    R. ALLAN EDGAR
                                    UNITED STATES DISTRICT JUDGE